# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| IN RE: ALL FUNDS ON DEPOSIT IN ACCOUNT NUMBER 000669829075 in THE BANK OF MM ACMC BANQUE DE COMMERCE, INC., AT NATIONSBANK, N.A., CONSISTING OF $18,756,420.97, MORE OR LESS. ) ) ) ) ) ) ) | C.A. NO. 3:98mc96-K |
| GEORGE AND DOLORES ROLLAR, Plaintiffs, ) ) ) | |
| v. ) ) | C.A. NO. 3:01CV205-K ORDER |
| UNITED STATES OF AMERICA, et al., Defendants, ) ) ) ) | (CASES CONSOLIDATED) |
| RICHARD VASQUEZ, Intervener. ) ) ) | |

**THIS MATTER** is before the Court with consent of the parties for consideration of the Receiver's Motion to Disallow Claims as to the claims of Obasi JohnValentine ("Valentine Claims").

At the request of the Receiver, an evidentiary hearing was held on the Motion to Disallow Claims on January 26, 2005. All parties and claimants were notified of the hearing and advised of their right to be present. Present at the hearing were the Receiver, Mike Quilling; Milo Stegner, the Receiver's accountant; Assistant United States Attorney Bill Brafford; Rodney Alexander, counsel for the Rollars; and Meagan Watkins, counsel for Richard Vasquez. Christopher Steward, counsel for claimant Obasi John Valentine, and Christopher Boyden, counsel for claimant ITC, attended by telephone. The parties and claimants were given an opportunity to present evidence and argument regarding the allowance of the claims at issue.

Mr. Valentine, through Mr. Steward, requested that consideration of the Valentine Claims be continued to a later hearing so that Mr. Valentine could provide further information to support

his claim. All parties consented to the continuance and the motion was granted (doc. 164). Mr. Valentine's attorney, Mr. Steward, appeared at the hearing by telephone to argue a then-pending Motion for Emergency Distribution of Funds.

At the hearing, the Receiver strongly opposed any emergency distribution to Mr. Valentine on any of the Valentine Claims. The Receiver argued that, unlike other claimants who received emergency distributions, Mr. Valentine has not established his sole ownership of the funds claimed. Second, the Receiver indicated his doubt that the funds were legitimately obtained by Mr. Valentine. In the Receiver's experience, Mr. Valentine appeared to be an "aggregator." A aggregator is a person who aggregates funds from innocent people (or other aggregators) by defrauding them into thinking that he is investing their money legitimately when he is actually running a Ponzi scheme or some other financial scam.

As the relief sought in this proceeding is equitable, a claimant must have "clean hands" in order to recover the funds claimed. *S.E.C. v. Hardy*, 803 F.2d 1034, 1038 (9th Cir. 1986) (citing *SEC v. Wencke (Wencke II),* 783 F.2d 829, 837 n. 9 (9th Cir. 1986) (noting that the primary purpose of equity receiverships is to promote orderly and efficient administration of the estate by the district court for the benefit of creditors); *First Empire Bank-New York v. FDIC,* 572 F.2d 1361, 1368 (9th Cir. 1978)(same).

Given the Receiver's grave doubts about the cleanliness of Mr. Valentine's hands, and the fact that the Receiver had insufficient time to adequately respond to the motion prior to the hearing[1], the Court declined to rule on the motion at that time. In fairness to Mr. Valentine, the Court indicated that it would take the matter under advisement and allow Mr. Valentine to supplement the record in further support of the motion. Mr. Valentine then filed a supplemental declaration which avers in conclusory terms that he is the sole owner of the funds and that they were obtained legitimately.

---

[1]The motion was filed just days prior to the hearing.

The supplemental declaration fails to mention that, on January 5, 2005, Mr. Valentine was convicted of three counts of fraud in the United States District Court for the District of Minnesota.[2] The fraud counts arise from his operation of a financial scam under the guise of Oval Financial Services. Investors lost over $440,000 to Mr. Valentine's scam. Mr. Valentine was sentenced to a term of 33 months and has an Order of Forfeiture pending against him in the amount of $368,578.80. The scams leading to Mr. Valentine's convictions in Minnesota were perpetrated during the same time period that Mr. Valentine avers he legitimately obtained the funds claimed by him in this case.[3]

This is a proceeding in equity which bars distributions to claimants with unclean hands. Given Mr. Valentine's convictions, and his failure to reveal them to the Court, this Court found sufficient evidence of Mr. Valentine's unclean hands to deny the Motion for Emergency Distribution of Funds. Given the information before the Court, the Court further ordered that Mr. Valentine file a brief to show cause, if any, why the Receiver's Motion to Disallow the Valentine Claims should not be granted without further briefing.

In his show cause brief, Mr. Valentine averred that the funds claimed are legitimately his own and asked that he be allowed to present evidence in support of his claim. Accordingly, this Court will not grant the Motion to Disallow at this time but will allow Mr. Valentine to present any evidence in support of his claim. As noted above, Mr. Valentine was given a continuance to May 26th, 2005, to produce any information or evidence to the Receiver. The Court has been informed by the parties that the Receiver's Motion to Disallow the Valentine claims can be resolved by this Court on

---

[2]After the hearing, the Receiver discovered this information and filed a Response to the Supplemental Declaration informing the Court of the conviction. The Receiver attached documentation of the conviction and sentence from the court file in Minnesota. Mr. Valentine did not file a Reply or otherwise respond to the Receiver's pleading.

[3]Mr. Valentine failed to reveal the conviction and sentence to the Court while simultaneously assuring the Court that the funds claimed here are solely owned by him and that he was not an aggregator who defrauds investors.

pleadings and that no hearing is necessary. Accordingly, if either Mr. Valentine or the Receiver wish this Court to consider any further briefing or submit further evidence on the Motion to Disallow the Valentine Claims, **IT IS HEREBY ORDERED THAT** such pleadings be filed by June 16, 2005.

**Signed: May 25, 2005**

David C. Keesler
United States Magistrate Judge