# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:01CV205

| | |
|---|---|
| IN RE: ALL FUNDS ON DEPOSIT IN ACCOUNT NUMBER 000669829075 in THE BANK OF MM ACMC BANQUE DE COMMERCE, INC., AT NATIONSBANK, N.A., CONSISTING OF $18,756,420.97, more or less. <br><br> GEORGE AND DOLORES ROLLAR, <br>　　　　Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br>　　　　Defendants <br><br> RICHARD VASQUEZ, <br>　　　　Intervener. | ORDER |

**THIS MATTER IS BEFORE THE COURT** on the "Request for Delay of Distribution by Receiver and Extension of Time Within Which to Post Bond" filed by Claimant Obasi John Valentine (document #218) on February 12, 2007; and the "Receiver's Response to Request for Delay of Distribution and Extension of Time filed by Valentine" filed by the Receiver, Michael J. Quilling (document #219) on February 14, 2007. To ensure that all parties wishing to be heard had an opportunity to address this matter, the undersigned conducted a telephone conference on Wednesday, February 21, 2007. Participating in that conference call were the Receiver, Michael J. Quilling, counsel for Plaintiff George Rollar, Rodney E. Alexander, and Christopher W. Steward, counsel to Mr. Obasi John Valentine.

On February 2, 2007, the Court issued its Order Approving Final Report and Proposed Distribution (document #216) which, among other things, included a provision finding that the

claims submitted by Mr. Valentine should be disallowed. In this most recent motion, Mr. Valentine, through counsel, seeks a stay of the aforementioned order and the opportunity to submit a supersedeas bond in some reasonable amount. The Receiver, through Mr. Quilling, relying on Rule 62 of the Federal Rules of Civil Procedure, requests that the Court deny Mr. Valentine's request for a stay. Further, the Receiver requests a flat fee of $15,000 to cover legal fees and expenses associated with the expected appeal of Mr. Valentine. The Court has carefully reviewed the papers filed by the parties and has considered the arguments of counsel made during the February 21, 2007 telephone conference. The Court will **DENY** Mr. Valentine's motion for stay. Further, the Court will **GRANT** the request of the Receiver for a flat fee of $15,000 to cover its handling of Mr. Valentine's expected appeal.

This matter has been long pending, and the Court will forego any further lengthy recitation of the factual and procedural history of the case. In the view of the Court, a proper analysis of Mr. Valentine's request for stay is governed by the language of Rule 62(a) of the Federal Rules of Civil Procedure. In pertinent part, that rule provides as follows:

> *"unless otherwise ordered by the Court* an interlocutory or final judgment in an action for an injunction *or in a receivership action*, or a judgment or order directing an accounting in an action for infringement of letters patent shall *not* be stayed during the period after its entry and until an appeal is taken or during the pendency of an appeal."

(Emphasis added). In other words, unless otherwise ordered by the Court, the presumption is that the final judgment in a receivership action shall not be stayed pending appeal.

The question posed here therefore is whether in the judgment of the Court, there are reasons to deviate in this case from the usual rule that there will be no stay pending appeal. Taking into account the total history of this matter, including most recently the arguments of the parties during the telephone conference, the Court can identify no reason to deviate from the normal rule in this case. As stated above, this matter has been long pending, and the claimants identified by the

Receiver as being appropriate recipients of distributions to partially mitigate their loss have now waited years for the resolution of this matter. To allow a stay on the facts of this case would delay further the already long-delayed payment of approximately $1.25 million to the victims. Moreover, both the Receiver and counsel to Mr. Rollar believe, and the Court agrees, that Mr. Valentine's prospects on appeal are remote. Mr. Valentine had a period of several years in which to substantiate his claim with the Receiver and he was unable to do so.

On the issue of an additional attorney fee to be paid to the Receiver, the Court finds reasonable Mr. Quilling's request that a flat fee of $15,000 be approved to cover legal fees and expenses associated with the anticipated appeal by Mr. Valentine. If the appeal does not materialize, the Court's expectation would be that this $15,000 would be distributed in due course to approved claimants.

**IT IS HEREBY ORDERED,** for all the foregoing reasons, that Mr. Valentine's request for a stay of the final order in this matter be **DENIED**.

**IT IS FURTHER ORDERED** that the Receiver's request for approval of an additional $15,000 to cover legal fees and expenses associated with the expected Valentine appeal is **GRANTED.**

Signed: February 23, 2007

David C. Keesler
United States Magistrate Judge