UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| GEORGE AND DOLORES ROLLAR, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | Civil Action No. 3:01CV 205-DCK |
| | ) | |
| Defendants. | ) | |
| | ) | |
| RICHARD VASQUEZ, | ) | |
| | ) | |
| Intervener. | ) | |
| | ) | |

**ORDER GRANTING RECEIVER'S MOTION TO USE
UNCLAIMED FUNDS TO PAY RECEIVERSHIP EXPENSES**

On this date, the Court considered the Receiver's Motion to Use Unclaimed Funds to Pay Receivership Expenses. The allotted time for a response has passed, and the motion is unopposed.

The Court, being familiar with the pleadings and papers on file herein, and having carefully studied the Motion, was of the opinion, and so found, that the Receiver has always been diligent in these proceedings about timely paying expenses and expediting distributions to investors whenever possible. Despite the unique challenges presented by these proceedings, the result has been that the holders with allowed claims have received a return of almost 80% of their money, which they invested in the fraudulent financial scheme that forms the basis for these proceedings. The Court further finds that the Receiver did not timely know of the possibility that the Norwegian court system would require that court costs be paid to a prevailing party. It is clear the Receiver did not know that these court costs were a legitimate expense of this Receivership Estate prior to proposing a plan to the Court, which was then approved. Had the Receiver timely known that information, the Court

-1-

is convinced the Receiver would have asked to be allowed to pay those costs prior to any final distribution. In any event, the Court finds that the Norwegian court costs of approximately $13,000 U.S. is a legitimate receivership expense and should be paid from any funds which remain in these proceedings.

To this end, the Receiver has identified for the Court in his motion that there is $10,914.40 of funds which are attributable to distribution checks which have not been cashed by holders of allowed claims even though in some instances those checks have been outstanding for almost 18 months. The Court finds that those claimants have failed to exercise diligence in these proceedings by keeping the Receiver informed of their whereabouts despite their obligation to do so as set out in the Court-approved claim form, which was sent to them.

The Court has further considered the alternatives with respect to those unclaimed funds and has been advised by the Receiver that there is no statute governing how they must be treated. The proposed approach is one of practical common sense. In this case, it would make little sense to attempt to redistribute the relatively small amount of funds to the other holders of allowed claims, and the Court does not believe that to be a practical approach. Instead, it is the opinion of the Court that those funds should be used by the Receiver to partially satisfy the outstanding court costs. Although under no obligation to do so, the Receiver has agreed to pay any balance which might be owed from funds of his own law firm. Accordingly,

**IT IS, THEREFORE, ORDERED** that the Receiver's motion is granted, and the Receiver is hereby authorized to use the $10,914.40 attributable to uncashed distribution checks to partially satisfy the costs owed to the Norwegian court system.

Signed: August 31, 2007

David C. Keesler
United States Magistrate Judge